Louis S. Abronson, State Bar No. 203737
Abronson Law Offices
236 N. Santa Cruz Ave., Suite 227
Los Gatos, CA 95030
(408) 687-9155
LOUIS@REDHOUSELAWER.COM

Attorneys for Plaintiff
Vernon Lombard

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON LOMBARD,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ITALIA; ITALIA IP; AND DOES 1 through 100,<br><br>Defendants.<br><br>And related counterclaims | Case No. 11-CV-09505-GW-(PJWx)<br><br>First Amended Complaint |

Plaintiff Vernon Lombard makes the following allegations:

### PARTIES

1. Plaintiff Vernon Lombard is and was at all times relevant to this complaint an individual residing in Los Angeles County, California.
2. Defendant James Italia is and was at all times relevant to this complaint an attorney at law with his principal offices located in Burbank, California.

First Amended Complaint - 1

3. Defendant Italia IP is and was at all times relevant to this complaint a law firm, business type unknown, with its principal place of business in Burbank, California.

4. The true names and capacities of Defendants Does 1 through 100, inclusive, are unknown at this time, and they are therefore sued by these fictitious names.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this complaint, each defendant was the agent and/or employee of each other defendant and was acting in the course and scope of their agency or employment.

### FIRST CAUSE OF ACTION
Professional Negligence
(Against all Defendants)

6. Plaintiffs incorporate by reference each of the preceding allegations.

7. Prior to October 3, 2006, Vernon Lombard developed a helmet lighting system having a number of different embodiments. An initial patent application directed to aspects of this system was filed with the U.S. Patent and Trademark Office ("PTO") on October 3, 2006. Scott Fields was the attorney who prepared and filed that application for Mr. Lombard.

8. In January, 2007, meetings were set with two companies interested in possible manufacture and widespread distribution of a version of the helmet lighting system, Helmet House in Agoura and Safariland in Ontario. Mr. Lombard wanted to have an attorney present to represent him at these meetings and in any future negotiations with interested companies and initially retained James A. Italia for this purpose. Mr. Italia attended these meetings with Messrs. Lombard and Goodman to present the system to the companies.

9. Shortly after the above-mentioned meetings, Mr. Italia told Mr. Lombard that his initial patent application had not been well written and that Mr. Lombard should have Mr. Italia take over the effort to obtain patent protection on the invention. Mr. Lombard agreed to have Mr. Italia take over this effort. At Mr. Italia's request, Mr. Lombard signed documents that he was told would be needed to file a better-written

patent application directed to his invention. Mr. Italia prepared and filed a further patent application with the PTO on March 16, 2007.

10. In August 2007, Mr. Lombard located a website building and hosting company, Alicore.com, to build a website to display the promotional video. Mr. Italia was informed of the website project and, because he controlled the domain name that was to be used for the website, he had to release the name to allow the website to be set up. He was aware that the website was active by the end of August 2007. At all times, Mr. Italia maintained administrative control of the website and had to be involved in ongoing site administration. Mr. Italia did not warn or otherwise notify Mr. Lombard that publication of the helmet lighting system invention on the website would bar patent protection in many foreign countries unless foreign applications or an International Application under the Patent Cooperation Treaty ("PCT") directed to that invention were filed within one year of the filing date of the U.S. application, that is, by March 15, 2008 (March 17, 2008 for a PCT application because March 15, 2008 fell on a Saturday).

11. Mr. Italia did notify an investor, Martin Yacoobian, of the PCT application filing deadline by an email sent on the day of the deadline. Mr. Lombard was copied on this email, but Mr. Italia was aware that Mr. Lombard did not regularly check his emails at that time. Mr. Italia made no effort to ensure that Mr. Lombard was timely placed on notice of this deadline critical to preserving foreign patent protection for Mr. Lombard's helmet lighting system invention.

12. The pending patent application directed to the helmet lighting system was published by the PTO on April 3, 2008, as is normally the case unless a request for non-publication is filed because no foreign protection for the invention is to be pursued. Upon such publication, foreign patent protection is barred in many foreign countries unless appropriate steps were taken earlier to file foreign applications.

13. Mr. Italia was well aware, from his communications with Mr. Lombard and from the many times he was asked to interact with potential foreign purchasers, that Mr.

Lombard was interested in foreign markets for his invention. Nevertheless, Mr. Italia did not take any steps to inform Mr. Lombard of what he needed to do to protect his foreign rights in his invention. Moreover, Mr. Italia did not provide copies of the communications he received from the PTO in the patent application to Mr. Lombard, such that Mr. Lombard could not learn of information on foreign filing deadlines contained in those communications. Even if those communications had been provided to Mr. Lombard by Mr. Italia, they should have been accompanied by an explanation of how the deadlines applied to Mr. Lombard's situation.

14. The PTO issued a Notice of Allowance in the application on October 26, 2010, indicating that the claims were now allowable and that a patent could issue upon timely payment of the issue fee. Mr. Italia attended to electronic payment of the issue fee on October 26, 2010. The PTO sent out an Issue Notification on November 17, 2010, identifying the issue date for the patent, December 7, 2010. Mr. Italia filed a continuation application on November 29, 2010 directed to another embodiment of Mr. Lombard's invention. In an e-mail of that date, reporting the filing of the continuation application, Mr. Italia's office included a warning regarding foreign filing deadlines. This warning came much too late to be of any help with regard to Mr. Lombard's earlier application, but does reflect a recognition of the need to provide such a warning.

15. The standard of care for a patent attorney requires that the patent attorney:
    a. Act to protect a client's ownership interest in an invention;
    b. Explain to a client the consequences of public disclosure or publication of an invention on patent rights, both U.S. and foreign;
    c. Provide timely notice, in a manner designed to be effective, to a client of critical deadlines;
    d. Explain to a client the steps needed to protect U.S. and foreign patent rights; and

e.  Provide to a client copies of communications to and from the PTO in a patent application during the prosecution of the application.

16. Mr. Italia failed to meet the standard of care for a patent attorney in his representation of Mr. Lombard in the following ways:

   a. Failing to explain to Mr. Lombard that his publication of his helmet lighting system invention on a website would set deadlines for Mr. Lombard to protect the helmet lighting system invention in foreign countries;

   b. Failing to notify Mr. Lombard of the deadline for foreign filing on his helmet lighting system until the day of the deadline and doing so in a manner not likely to result in actual notice to Mr. Lombard until after the deadline;

   c. Failing to explain to Mr. Lombard what steps he would need to take to protect his U.S. and foreign patent rights in the helmet lighting system; and

   d. Failing to provide to Mr. Lombard copies of many of the communications to and from the PTO in the patent application directed to the helmet lighting system invention.

17. Mr. Italia's above failures to meet the standard of care for a patent attorney in his representation of Mr. Lombard caused harm to Mr. Lombard by disabling Mr. Lombard from obtaining foreign patent rights in the helmet lighting system invention, to his financial detriment in an amount to be proved at trial.

## PRAYER FOR RELIEF

Plaintiff Vernon Lombard prays for judgment against all Defendants as follows:

1. For compensatory damages, according to proof;
2. For costs of suit; and
3. For such other and further relief as the Court may deem just and proper.

DATED: March 13, 2012

_William H. Abronson_
William H. Abronson
Abronson Law Offices
Attorney for Plaintiff Vernon Lombard

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I AM EMPLOYED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA.
I AM OVER THE AGE OF 18 AND NOT A PARTY TO THE WITHIN ACTION. MY BUSINESS ADDRESS IS 11901 SANTA MONICA BOULEVARD, SUITE 328, LOS ANGELES, CALIFORNIA 90025

ON MARCH 13, 2012 I SERVED THE FOREGOING DOCUMENTS DESCRIBED AS:

"FIRST AMENDED COMPLAINT"

ON THE ATTORNEYS FOR DEFENDANTS IN THIS ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE ADDRESSED AS FOLLOWS:

>ANDERSON, McPHARLIN & CONNERS LLP
>444 SOUTH FLOWER STREET
>31st FLOOR
>LOS ANGELES, CALIFORNIA 90071-2901
>   ATTENTION: JOSEPH P. TABRISKY

I DEPOSITED SAID ENVELOPE IN THE MAIL AT LOS ANGELES, CALIFORNIA. THE ENVELOPE WAS MAILED WITH POSTAGE THEREON FULLY PREPAID.

EXECUTED ON MARCH 13, 2012 AT LOS ANGELES, CALIFORNIA.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE ABOVE STATEMENT IS TRUE AND CORRECT.

WILLIAM H. ABRONSON