*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9505-GW(PJWx) | | Date | May 4, 2012 |
|---|---|---|---|---|
| Title | *Vernon Lombard v. James Italia, et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING MATTER TO STATE COURT AND DISMISSING COUNTERCLAIM**

    This action came on for hearing in connection with a motion to remand filed by plaintiff Vernon Lombard ("Plaintiff").  For the reasons expressed both in the tentative ruling issued and the discussion at oral argument had this same date, the Court determines that Plaintiff's Complaint no longer presents a basis for jurisdiction under 28 U.S.C. §§ 1331 or 1338, declines supplemental jurisdiction over the claim raised by Plaintiff's Complaint, and consequently remands it to state court.  In short, there is no issue of U.S. patent law that is necessarily presented by this case and Plaintiff has persuasively demonstrated that he need not rely upon the '816 Patent, its issuance, or its validity in order for him to recover on his sole state-law claim for professional negligence.

    For the reasons expressed in connection with the March 1, 2012, hearing in this case, *see* Docket No. 21, at 2, the Court does not believe that it has independent jurisdiction over the counterclaim[1] asserted in this action by defendants/counterclaimants James Italia and Italia IP (collectively "Defendants").  *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983); *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1090-91 (9th Cir. 2002); *Speedco, Inc. v. Estes*, 853 F.2d 909, 912 (Fed. Cir. 1988); *see also* Schwarzer, Tashima, et al., California Practice Guide:  Federal Civil Procedure Before Trial (2011) §§ 2:777-779, at 2B-61 - 62. Assuming that the Court *does* have independent jurisdiction over the counterclaim and that it should sever that counterclaim even if Plaintiff's Complaint is remanded, the Court dismisses that counterclaim, again for the reasons expressed in connection with the March 1, 2012, hearing.  *See* Docket No. 21, at 2.

---

    [1]The Court notes that the only Answer and Counterclaim on file in this case were filed in response to the original Complaint.  *See* Docket No. 6.  The First Amended Complaint, filed March 13, 2012, is now the operative Complaint.

    :    
Initials of Preparer    JG

*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9505-GW(PJWx) | Date | May 4, 2012 |
|---|---|---|---|
| Title | *Vernon Lombard v. James Italia, et al.* | | |

In short, the counterclaim either is not ripe, is moot, or Defendants have not demonstrated a sufficient threat of injury in fact to satisfy the requirements either of Article III or the Declaratory Judgment Act. Plaintiff is not charging Defendants with having infringed the '816 Patent. In addition, as the Court has effectively ruled in connection with Plaintiff's motion to remand, it appears as though Plaintiff will not be relying upon (or "enforcing") the '816 Patent in any way in connection with his professional negligence claim. Therefore, even assuming such a professional negligence-based action against a patentee's former attorney could satisfy the requirements of Article III or the Declaratory Judgment Act for purposes of a claim for declaratory relief as to invalidity (an issue the Court need not decide), any claim based on that conduct would not yet be ripe (because it has not occurred yet) or moot (because to the extent Plaintiff's original Complaint presented the "threat," the Complaint has since been amended, reflecting a change in Plaintiff's plans, if ever he had them).

      The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

:

Initials of Preparer    JG